**Emanuel N. Hreha, Appellant _v._ Erie County Tax Claim Bureau and School District for City of Erie, Appellees.**

Argued October 8, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

_Dennis V. Williams,_ for appellant.

_Ira John Dunn, Dunn & Connor,_ for appellee, Erie County Tax Claim Bureau.

OPINION BY JUDGE MENCER, December 17, 1981:

Despite the nonexistence of testimony, exhibits, or depositions to disclose the facts of this case, an examination of the pleadings indicates the following background for the instant appeal. Emanuel N. Hreha (appellant) owns a driving school business in the City of Erie, and the School District of the City of Erie (School District) provides certain of its students with driver education or training at no cost to the students.

Appellant contends that, since the School District has initiated such driver training, the number of students taught by him has drastically diminished, with a resulting loss of income. Therefore, it is the appellant's contention that the taxes imposed on his real estate for school purposes are used to subsidize a driver education program which competes directly with his vocation, and consequently the imposition of such taxes is a denial of due process and equal protection because the application of the taxing legislation produces a discriminatory effect as to his vocational pursuit.

Although the procedure followed by the appellant here and the premise of his claim are unclear and not above challenge, it does appear that appellant seeks a court order that exempts him from the payment of 1) school taxes now due and 2) any future school taxes, for as long as the School District continues competing with his driving school.

The Erie County Tax Claim Bureau and the School District filed preliminary objections in the nature of a demurrer. The Court of Common Pleas of Erie County, without discussion, concluded that appellant's claim was "totally without merit" and sustained the preliminary objections and dismissed appellant's appeal. This appeal followed.

If appellant, in the court below, was endeavoring to appeal from his real estate assessment as his "notice of appeal" suggests, then we deem his appeal to be premature, and the lower court was correct in dismissing it since appellant had not followed the required statutory route of appealing disputed assessments to the Board of Assessment Appeals, in accord with the provisions of Section 8 of the Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. §5349.[1]

---

[1] Uncertainty as to appellant's procedural posture raises the possibility that he seeks only an exemption from the payment of

However, if appellant's intention was to commence an original action in the court below by which he sought a court ruling that he was exempt from paying school taxes now and in the indefinite future, the preliminary objections in the nature of a demurrer were properly sustained, since appellant failed to plead a cause of action recognizable in law. His theory of recovery is novel at best and, upon reflection, more compatible with frivolousness. We can only conclude that the court below was correct in dismissing appellant's designated appeal on the basis that it was totally without merit.

Order affirmed.

ORDER

AND Now, this 17th day of December, 1981, the order of the Court of Common Pleas of Erie County, dated December 4, 1980, dismissing the appeal of Emanuel N. Hreha from assessment of school taxes relative to real estate situate at 348 East 27th Street, Erie, Pennsylvania, is hereby affirmed.

---

taxes legally assessed. In such an event, appellant's recourse in the first instance was to apply to the Board of Assessment Appeals for an exemption. See Sections 3 and 7 of the Act, 72 P.S. §§5344, 5348.